IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH TIERNEY, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| HALLS FERRY PIZZA, INC., | ) ) | |
| Serve at: | ) ) | **JURY TRIAL DEMANDED** |
| Marcia Clark 3159 Fee Fee Rd., Room 216 Bridgeton, MO 63044 | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

COMES NOW Plaintiff Joseph Tierney ("Plaintiff" or "Tierney"), by and through undersigned counsel, and for his Complaint against Defendant Halls Ferry Pizza, Inc. ("Defendant"), states as follows:

**INTRODUCTION**

1.      Plaintiff brings this action individually and collectively on behalf of all similarly situated current and former pizza delivery drivers of Defendant to recover for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Missouri Minimum Wage Law, § 290.500 *et seq.* ("MMWL").

2.      Defendant's violations include: (1) failing to pay delivery drivers overtime pay; (2) failing to pay delivery drivers minimum wages; (3) failing to accurately make and maintain records of delivery drivers' hours worked; and (4) failing to reimburse them for vehicle expenses.

## JURISDICTION AND VENUE

3.      The FLSA authorizes court actions by private parties to recover damages for violation of wage and hour provisions contained within the FLSA. 29 U.S.C. § 216(b). Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

4.      Plaintiff's MMWL claims are so related to the FLSA claims that they form a part of the same case or controversy.  Jurisdiction of this Court over such claims is proper pursuant to 28 U.S.C. § 1367.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District in that Defendant hired, controlled, and compensated its employees, including Plaintiff, in Missouri.

## PARTIES

6.      Tierney is a citizen of the United States who resides in Missouri and who had been employed by Defendant as a pizza delivery driver from November 2017 to April 2021.

7.      Plaintiff and other pizza delivery drivers had the same primary job duty of delivering pizzas and other food items to Defendant's customers using their personal automobiles.

8.      Plaintiff and other pizza delivery drivers were "employees" of Defendant within the meaning of § 290.500(3) RSMo. and 29 U.S.C. § 203.

9.      Defendant is a corporation based in St. Louis, Missouri that owns and operates several Imo's Pizza stores and employs pizza delivery drivers throughout the St. Louis area.

10.      Defendant is an "employer" of Plaintiff and all similarly situated pizza delivery drivers within the meaning of 29 U.S.C. § 203(d) and § 290.500(4) RSMo.

11.      Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

## FACTUAL BACKGROUND

**A.      Defendant's Pizza Delivery Drivers.**

12.      Defendant paid Plaintiff as a pizza delivery driver at an hourly rate of $6.00 per hour, plus certain tips.

13.      Plaintiff worked out of Defendant's "Halls Ferry Circle" location at 1192 Riverview Blvd., St. Louis, MO 63147 as a pizza delivery driver.

14.      Defendant set Plaintiff's and other pizza delivery drivers' work hours each week via the posting of a printed work schedule.

**B.      Defendant's Failure to Pay Overtime.**

15.      Plaintiff and other pizza delivery drivers routinely worked more than forty (40) hours each workweek.

16.      Defendant, however, did not pay Plaintiff and other pizza delivery drivers for all hours worked.

17.      Defendant did not pay Plaintiff or other pizza delivery drivers an overtime premium rate of pay for hours worked in excess of forty (40) in one or more workweeks.

18.      Defendant had a policy or practice of only paying delivery drivers for straight time hours each work (*i.e.*, only up to 40 hours per week), even when Plaintiff and other delivery drivers worked in excess of forty (40) hours in a given workweek.

19.      For example, for the pay period of March 22, 2021 through March 28, 2021, Defendant only purported to pay Plaintiff for forty (40) hours of work when, during this same time period, Plaintiff worked fifty (50) hours.  Defendant did not pay Plaintiff any regular pay or overtime premium pay for the hours worked in excess of forty (40) during this pay period.

20.     Defendant did not make or maintain accurate records of Plaintiff's and other pizza delivery drivers' hours worked each workweek.

21.     The net effect of the pay policies and practices maintained and administered by Defendant is that Defendant failed to pay Plaintiff and other delivery drivers overtime compensation for all hours worked in excess of forty (40) per work week.

**C.      Defendant's Failure to Reimburse Vehicle Expenses, Use of Unauthorized Deductions, and Failure to Pay Minimum Wages.**

22.     Defendant requires its pizza delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

23.     Defendant's pizza delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("vehicle expenses") while delivering pizzas for the primary benefit of Defendant.

24.     The driving conditions associated with the pizza delivery business cause frequent maintenance costs, high costs due to repairs associated with delivery driving, and rapid depreciation. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, city roads and routes as opposed to highway driving, and driving under time pressures.

25.     Defendant also implemented improper, unlawful deductions from Plaintiff's and other pizza delivery drivers' weekly pay, which has resulted in minimum wage violations and/or failures to reimburse vehicle expenses in one or more workweeks.

26.     In particular, Defendant had a policy or practice of estimating delivery drivers' vehicle expenses via a "Mileage Reimbursement" line item on the pay stubs of delivery drivers, but not actually reimbursing this "Mileage Reimbursement" amount by unlawfully deducting

4

additional amounts (via "Adjustments to Net Pay" like a "TIP BONUS HOURLY DEDUCTION")

from delivery drivers' pay each week.

27.    For example, for the pay period of March 22, 2021 through March 28, 2021,

Defendant implemented an unlawful "TIP BONUS HOURLY DEDUCTION" under

"Adjustments to Net Pay," a deduction amount which was equal to the hourly pay and tip amount

to be paid to Plaintiff (*i.e.*, $412.73).

28.    Defendant deducted this amount of hourly pay and tips (*i.e.*, $412.73) from a

vehicle expense reimbursement amount noted as owed to Plaintiff (*i.e.*, the "Mileage

Reimbursement" amount, or $365.68), resulting in an additional unauthorized deduction of $47.05

from Plaintiff's net pay.  In other words, in imposing this unlawful deduction, Defendant not only

avoided reimbursing Plaintiff for any vehicle expenses (*i.e.*, $365.68), but also further stole an

additional amount of hourly wages and tips from Plaintiff (*i.e.*, $ 47.05), resulting in minimum

wage violations.

29.    As a result, Defendant effectively paid Plaintiff a gross wage amount of $365.68

(before taxes), at most, for the pay period of March 22-28, 2021.  Even assuming Plaintiff worked

forty (40) hours that week as Defendant inaccurately stated on his paystub, Defendant failed to

pay Plaintiff at the applicable Missouri minimum wage rate of $10.30 per hour (*i.e.*, $365.68 (total

gross pay) ÷ 40 (total hours) = $9.14 hourly rate), as a result of the unlawful deduction and failure

to reimburse vehicle expenses.  Using an accurate number of hours worked that week (*i.e.*, 50

hours), the minimum wage violation is even greater. (*i.e.*, $365.68 (total gross pay) ÷ 50 (total

hours) = $7.31 hourly rate).

30.    Defendant's unauthorized deduction and failure to reimburse vehicle expenses

resulted in a "kickback" to Defendant such that the hourly wages they paid to Plaintiff and other

delivery drivers were not paid free and clear and the failure to reimburse for such expenses effectively caused delivery drivers' hourly rates to fall below applicable minimum wage rate requirements in one or more workweeks.

31.     Defendant's failure to reimburse the amount of their pizza delivery drivers' automobile expenses results in its pizza delivery drivers' net wages falling below state and/or federal minimum wage requirements. This is because Defendant paid Plaintiff and other pizza delivery drivers a gross hourly wage exactly equal to, or at least very close to, the applicable minimum wage rate (while using a tip credit), and because the pizza delivery drivers incurred unreimbursed automobile expenses, which resulted in Plaintiff and other pizza delivery drivers "kicking back" to Defendant an amount sufficient to cause minimum wage violations.

32.     By establishing a policy or practice of failing to pay mileage reimbursements and using unlawful, improper deductions to net pay, Defendant has both failed to reimburse Plaintiff and other pizza delivery drivers for all vehicle expenses and/or failed to pay them minimum wages in one or more workweeks.

33.     As a result of Defendant's unlawful deductions from Plaintiff's and other pizza delivery drivers' pay, Defendant did not pay Plaintiff or other pizza delivery drivers the applicable minimum wage in one or more workweeks.

**D.     Defendant's Collective Wage Theft.**

34.     The net effect of these policies is that Defendant willfully fails to pay for all hours worked by its delivery drivers (including but not limited to overtime premium pay and minimum wages) and fails to reimburse their vehicle expenses.  Through these policies and/or practices, Defendant thereby enjoys ill-gained profits at the expense of its employees.

35.     Plaintiff and other pizza delivery drivers are non-exempt employees for purposes of the payment of overtime wages and recordkeeping requirements pursuant to the FLSA.

36.     At all times relevant herein, Defendant was under a duty to comply with all federal, state and local laws regarding payment for hours worked, and classified Plaintiff and other pizza delivery drivers as non-exempt hourly employees of Defendant at all relevant times.

37.     Plaintiff attempted to speak with Defendant regarding these issues and get clarity about his vehicle expense reimbursements, pay stubs, pay amounts, and pay deductions. Defendant provided inconsistent, false, and unclear information in response.

38.     Having received no information from Defendant that would explain how and why he was being paid what he was being paid per his pay stubs, Plaintiff then attempted to speak with Imo's Pizza corporate regarding these issues.  No one from Imo's Pizza corporate has contacted Plaintiff to follow up on his concerns or provide additional information.

39.     Upon information and belief, Defendant has paid Plaintiff and its other delivery drivers in a similar fashion pursuant to Defendant's payroll and recordkeeping policies and practices.

40.     To date, Plaintiff has not received the full compensation to which he is entitled under applicable laws and regulations.

41.     Defendant's violations have been knowing and willful, in that Defendant failed to maintain accurate records, sought to conceal and/or ignore the violations rather than remedy them, and refused to fully remedy and correct the issues when brought to Defendant's attention for out-of-court resolution.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a Consent to Join Form with the Court.

43.     Plaintiff, individually and on behalf of other delivery drivers of Defendant, seeks relief on a collective basis challenging Defendant's policy and/or practice of: (1) failing to pay delivery drivers for all hours worked (including but not limited to overtime and minimum wages) by purporting to pay them based on inaccurate timekeeping; and (2) failing to pay delivery drivers wages and/or to reimburse vehicle expenses based on unauthorized deductions.

44.     Plaintiff and potential opt-ins are similarly situated in that they are non-exempt employees subject to Defendant's common plan or practice of adhering to a deficient timekeeping and payroll system which unlawfully denied employees the wages they earned and were owed.

45.     Plaintiff consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit 1 to the Complaint.

46.     Defendant failed to post notice of FLSA rights and misinformed employees as to their rights, thereby justifying equitable tolling of the statute of limitations.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION
### IN VIOLATION OF THE FLSA

47.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

48.     At all times material herein, Plaintiff and those similarly situated were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

49.     The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) per work week. 29 U.S.C. § 207.

8

50.     Defendant failed to pay Plaintiff and those similarly situated overtime compensation at the statutorily prescribed rate of one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) per work week.

51.     Defendant violated the FLSA by failing to keep accurate records of all wages paid and adjustments to those wages, including bonuses, deductions, and other facilities worked by Plaintiff and those similarly situated. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

52.     During the scope of his employment, Plaintiff and those similarly situated were not properly paid overtime for hours worked in excess of forty per work week at a rate of one-and-one-half times the regular rate of pay.

53.     Plaintiff and those similarly situated are owed liquidated damages as a result of not being properly paid overtime.  No good faith or objectively reasonable basis exists for Defendant's violations of the FLSA.

54.     Defendant knew or should have known that Plaintiff and those similarly situated were non-exempt employees and knowingly and willfully violated the FLSA by failing to pay overtime compensation.

55.     Defendant failed to post notice of FLSA rights and misinformed employees as to their rights justifying equitable tolling of the statute of limitations.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant, individually and as a collective action, as follows: (1) judgment against Defendant for violation of the overtime wage provisions of the FLSA; (2) an award of unpaid overtime wages; (3) determination that Defendant's FLSA violations were willful; (4) imposition of liquidated damages against Defendant; (5) pre-judgment and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and litigation and court costs incurred; and (7) such other and further

relief as the Court deems fair and equitable under the circumstances.

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION
### IN VIOLATION OF THE MMWL

56.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

57.     Like the FLSA, the MMWL requires an employer to pay its non-exempt employees

one and one-half times their regular rate of pay for all hours worked over forty (40) in any given

workweek, and requires employers to make and maintain accurate records of employees' hours

worked each workweek. §§ 290.505, 290.520 RSMo.

58.     By failing to pay Plaintiff and other similarly situated pizza delivery drivers

overtime compensation at a rate of one and one-half times their regular rate of pay for all hours

worked over forty (40) in one or more workweeks, Defendant violated the MMWL.

59.     By failing to make and maintain accurate records of Plaintiff's and other pizza

delivery drivers' hours worked each workweek, Defendant violated the MMWL. § 290.520 RSMo.

60.     Defendant also failed to post notice of MMWL rights and misinformed employees

as to their rights justifying equitable tolling of the statute of limitations. § 290.522 RSMo.

61.     Because of Defendant's policy or practice, Plaintiff and other similarly situated

pizza delivery drivers have been damaged in that they have not received wages due to them

pursuant to the MMWL. § 290.527 RSMo.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant, individually and as

a collective action, as follows: (1) judgment against Defendant for violation of the overtime wage

provisions of the MMWL; (2) an award of unpaid overtime wages; (3) an additional amount equal

to twice the unpaid wages as liquidated damages; (4) determination that Defendant's MMWL

violations were willful; (5) pre-judgment and post-judgment interest as provided by law; (6) an

award of reasonable attorneys' fees and litigation and court costs incurred; and (7) such other and further relief as the Court deems fair and equitable under the circumstances.

## COUNT III

### FAILURE TO PAY MINIMUM WAGES
### IN VIOLATION OF THE FLSA

62.    Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

63.    At all relevant times, Plaintiff and other pizza delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, including but not limited to the right to receive the federal minimum wage rate, free and clear of unlawful deductions. 29 U.S.C. § 206; 29 C.F.R. § 531.35.

64.    The FLSA requires that an employer pay its employees a regular rate of pay that meets or exceeds the applicable minimum wage rate of at least $7.25 per hour. 29 U.S.C. § 206.

65.    As alleged herein, through unlawful deductions and other payroll practices, Defendant has failed to reimburse Plaintiff and other pizza delivery drivers for vehicle expenses (or has inadequately reimbursed such expenses) to such an extent that Defendant diminished their wages beneath the federal minimum wage in one or more workweeks.

66.    Defendant knew or should have known that its pay and reimbursement policies or practices result in failure to compensate Plaintiff and other pizza delivery drivers at the federal minimum wage rate.

67.    Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay the federal minimum wage to Plaintiff and other similarly situated pizza delivery drivers.

68.    Plaintiff and other similarly situated pizza delivery drivers are entitled to damages equal to the minimum wage minus actual wages received within three (3) years from the date each

11

Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

69.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated pizza delivery drivers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b).

70.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and other similarly situated pizza delivery drivers.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant, individually and as a collective action, as follows: (1) judgment against Defendant for violation of the minimum wage provisions of the FLSA; (2) an award of unpaid minimum wages; (3) an additional amount equal to their unpaid wages as liquidated damages; (4) compensatory damages, including unpaid vehicle expense reimbursements; (5) determination that Defendant's FLSA violations were willful; (6) pre-judgment and post-judgment interest as provided by law; (7) an award of reasonable attorneys' fees and litigation and court costs incurred; and (8) such other and further relief as the Court deems fair and equitable under the circumstances.

**COUNT IV**

**FAILURE TO PAY MINIMUM WAGES
IN VIOLATION OF THE MMWL**

71.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

72.     At all relevant times, Plaintiff and other pizza delivery drivers have been entitled

to the rights, protections, and benefits provided under the MMWL, including but not limited to the right to receive the state minimum wage rate, free and clear of unlawful deductions. §§ 290.502, 290.512 RSMo.; *see also* § 290.505.4 RSMo.; 29 C.F.R. § 531.35.

73.    The MMWL requires that an employer pay its employees a regular rate of pay that meets or exceeds the applicable minimum wage rate of at least $10.30 per hour after January 1, 2021, $9.45 per hour between January 1, 2020 and December 31, 2020, $8.60 per hour between January 1, 2019 and December 31, 2019, and $7.85 per hour between January 1, 2018 and December 31, 2018. § 290.502 RSMo.

74.    As alleged herein, through unlawful deductions and other payroll practices, Defendant has failed to reimburse Plaintiff and other pizza delivery drivers for vehicle expenses (or has inadequately reimbursed such expenses) to such an extent that Defendant diminished their wages beneath the state minimum wage in one or more workweeks.

75.    Defendant knew or should have known that its pay and reimbursement policies or practices result in failure to compensate Plaintiff and other pizza delivery drivers at the state minimum wage rate.

76.    Defendant, pursuant to its policy and practice, violated the MMWL by refusing and failing to pay the state minimum wage to Plaintiff and other similarly situated pizza delivery drivers.

77.    Plaintiff and other similarly situated pizza delivery drivers are entitled to damages equal to the minimum wage minus actual wages received within three (3) years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

78.    Defendant has acted neither in good faith nor with reasonable grounds to believe

that its actions and omissions were not a violation of the MMWL.

79.    Plaintiff and other similarly situated pizza delivery drivers are entitled to recover an award of liquidated damages in an amount equal to twice the amount of unpaid minimum wages under § 290.527 RSMo.

80.    As a result of the aforesaid willful violations of the MMWL's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and other similarly situated pizza delivery drivers.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant, individually and as a collective action, as follows: (1) judgment against Defendant for violation of the minimum wage provisions of the MMWL; (2) an award of unpaid minimum wages; (3) an additional amount equal to twice the unpaid wages as liquidated damages; (4) compensatory damages, including unpaid vehicle expense reimbursements; (5) determination that Defendant's MMWL violations were willful; (6) pre-judgment and post-judgment interest as provided by law; (7) an award of reasonable attorneys' fees and litigation and court costs incurred; and (8) such other and further relief as the Court deems fair and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case which are so triable.

14

Respectfully Submitted,

By:        */s/ Kevin J. Dolley*

Kevin J. Dolley (E.D. Mo. #54132MO)
DOLLEY LAW, LLC
12977 N. Outer Forty Dr., Suite 230
St. Louis, MO 63141
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiff Joseph Tierney
and those similarly situated*

15