# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH TIERNEY, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-CV-00828 JAR |
| HALL FERRY PIZZA, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Tierney brings this action for overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500, et seq., against Defendant Halls Ferry Pizza, Inc. ("HFP"), which owns and operates an Imo's Pizza franchisee store in St. Louis, Missouri. On February 11, 2022, Plaintiff moved to conditionally certify a class of "all current and former delivery driver employees of [HFP] for the period of three (3) years prior to July 9, 2021 to the present." (Doc. No. 19). HFP did not oppose conditional certification, and on May 2, 2022, the Court conditionally certified the class and set a deadline for potential class members to opt-in to the case. (Doc. No. 38). The opt-in deadline expired in late July; a total of seven individuals have opted to be part of the conditional class.

On or about August 26, 2022, the Court received an *ex parte* communication from Plaintiff, the conditional class representative, stating that he was dissatisfied with his class counsel, Kevin Dolley, and wished to represent himself. The Court then set the matter for a status hearing on August 31, 2022. (Doc. No. 52). Following the hearing, the Court attached to

1

its Order a copy of Plaintiff's communication – with arguably privileged information redacted – and gave the parties until September 9, 2022 to file a status report or other appropriate motions with the Court. (Doc. No. 55). This matter is now before the Court on HFP's Motion to Preclude Expert Testimony (Doc. No. 56) and Motion to Decertify Class (Doc. No. 58).

**Motion to preclude expert testimony**

In its motion, HFP argues that the Court's Case Management Order set the deadline for Plaintiff to "disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than May 31, 2022." (Doc. No. 13). With the consent of HFP, Plaintiff was granted two extensions of its expert disclosure deadline (Doc. Nos. 44, 51), with disclosures due by August 29, 2022. When Plaintiff failed to disclose any expert witnesses, HFP filed the instant motion on September 9, 2022 requesting an order precluding Plaintiff from propounding any expert testimony in support of his claims. Plaintiff responds that he does not intend to present any expert testimony. (Doc. No. 60). HFP's motion will, therefore, be denied as moot.

**Motion to decertify class**

In support of decertification, HFP argues that in light of Plaintiff's communication with the Court, Plaintiff is no longer a suitable class representative in this action. In addition, HFP argues that the numerosity and typicality requirements for class certification pursuant to Fed. R. Civ. P. 23 have not been satisfied.

Plaintiff responds that HFP is not applying the appropriate legal standard for a motion to decertify an FLSA § 216(b) class, relying instead on an inapplicable Rule 23 standard. Plaintiff contends that the factual and employment settings of the individual opt-ins are identical in that they perform the same job, at the same location, and under the same management. They were also subject to the same pay policies and practices, including HFP's failure to track and record

hours worked; improper claiming of a tip credit; and failure to properly reimburse them for vehicle expenses. Further, Plaintiff's letter is no longer a concern in light of his affidavit whereby he rescinds the statements in his previous communication to the Court and states that he wishes to proceed with Mr. Dolley as his counsel and will act in the best interests of the opt-in plaintiffs. (Affidavit of Plaintiff Joseph Tierney, Doc. No. 61-1).

In reply, HFP contends that fairness and procedural considerations weigh against maintaining a collective action in this case. HFP notes that during the relevant period, it used three different methods for paying its delivery drivers and two distinct methods for reimbursing them for their vehicle and mileage expenses. Requiring a jury to analyze and apply five different payment methods – without the benefit of expert testimony – would result in jury confusion and prejudice to HFP.

A collective action under the FLSA to recover overtime compensation may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated." Kautsch v. Premier Comm'ns, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Nevertheless, district courts in this circuit consistently apply a two-step process to make the determination. Kennedy v. Boulevard Bank, No. 4:12CV40 JCH, 2012 WL 3637766, at *2 (E.D. Mo. Aug. 22, 2012) (collecting cases). At the initial conditional certification stage, the plaintiffs' burden is not rigorous; they must only show a "colorable basis for their claim" and "that a class of similarly situated plaintiffs exists." White v. 14051 Manchester Inc., 301 F.R.D. 368, 372 (E.D. Mo. 2014) (citation omitted). At the decertification stage, however, the standard is stricter as the court makes a factual determination on the similarly situated question. Wilson v. PNK (River City), LLC, No. 4:15CV00380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015). Three factors

are analyzed based on information gained from discovery: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. White, 301 F.R.D. at 372.

HFP argues that the factual situation of each opt-in plaintiff is not "identical," as Plaintiff contends, given the five different payment methods used during the relevant period. Further, without the benefit of expert testimony, a jury would be left to analyze and interpret for themselves time records, payroll spreadsheets, and expense receipts in order to arrive at a damages calculation for each opt-in plaintiff.

"Similarly situated" under a decertification analysis does not necessarily mean identical; "the question is simply whether the differences among the plaintiffs outweigh the similarities of the practices to which they were allegedly subjected." Davenport v. Charter Comm'ns, LLC, No. 4:12CV00007 AGF, 2017 WL 878029, at *8 (E.D. Mo. Mar. 6, 2017) (citation omitted). The fact that pay policies may have been applied differently does not necessarily undermine the opt-in plaintiffs' similarities. See Kayser v. S.w. Bell Tel. Co., 912 F. Supp. 2d 803, 813 (E.D. Mo. 2012). However, in the absence of expert testimony, asking a jury to interpret pay records on their own is entirely unmanageable and would most certainly result in jury confusion as well as prejudice to HFP, particularly because there are state and federal claims at issue. And, in the Court's view, an issue still remains regarding the named Plaintiff's ability to represent the class given his previous statement that he wished to represent himself. Under these circumstances, the Court will grant HFP's motion to decertify the class, dismiss the opt-in plaintiffs without prejudice, and allow the Plaintiff to proceed to trial on his individual claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Halls Ferry Pizza, Inc.'s Motion to Preclude Expert Testimony [56] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant Halls Ferry Pizza, Inc.'s Motion to Decertify Class [58] is **GRANTED**. The claims of all opt-in Plaintiffs are **DISMISSED without prejudice**, leaving before the Court the named Plaintiff who originated this action. **Within ten (10) days of the date of this order**, Plaintiff's counsel shall notify the opt-in Plaintiffs that the collective action has been decertified and that their claims are no longer pending before this Court and file a notice with the Court confirming that they have done so.

**IT IS FINALLY ORDERED** that this case remains set for a jury trial on **June 26, 2023**.

Dated this 1st day of November, 2022.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**