UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH TIERNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-828- JAR |
| | ) |
| HALLS FERRY PIZZA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Joseph Tierney's Motion to Strike Exhibits A and B to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 91). Because Defendant's Exhibit A and B are not pleadings, the Court will deny Plaintiff's Motion to Strike.

**Standard of Review**

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Fed. R. Civ. P. 7(a), a pleading includes a complaint, an answer to a complaint, counterclaim, or crossclaim, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer.

"Motions to strike are generally disfavored 'because they are often interposed to create a delay.'" *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011) (quoting *Van Schouwen v. Connaught Corp.,* 782 F.Supp. 1240, 1245 (N.D. Ill. 1991); *see also Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleading is an extreme measure, and, as a result, we have previously held that

1

'[m]otions to strike ... are viewed with disfavor and are infrequently granted.'") (second alteration in original) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

## Discussion

Plaintiff seeks to strike paragraphs 4, 5, 7, 8, and 9 of Exhibit A (ECF No. 86-1) and the entire Exhibit B (ECF No. 86-2). The documents in opposition to summary judgment which Plaintiff seeks to strike are not pleadings as contemplated by the Federal Rules of Civil Procedure 7, and therefore, the Motion to Strike is improper under Rule 12(f). *Adams v. City of Cedar Rapids, Iowa*, No. 21-CV-53-MAR, 2022 WL 16572036, at *16 (N.D. Iowa Oct. 19, 2022); *Jones v. Dolgencorp, Inc.*, 789 F.Supp.2d 1090 (N.D. Iowa 2011). Similarly, in *Jones v. Dolgencorp, Inc.*, 789 F.Supp.2d 1090 (N.D. Iowa 2011), the district court denied a motion to strike 42 exhibits offered by the plaintiff in opposition to the defendant's motion for summary judgment, explaining that the defendant was not "seeking to strike matter from a pleading, but, instead, attempt to strike exhibits offered in opposition to defendant['s] Motion for Summary Judgment," which is "improper under Rule 12(f)[.]" *Id.* at 1096; *see also Burlington Northern and Santa Fe Ry. Corp. v. Dakota Missouri Valley and Western R.R., Inc.*, 347 F.Supp.2d 708, 727 (S.D. Iowa 2004) (denying motion to strike related to motion for summary judgment and noting that "[c]ourts have consistently held that the various papers submitted in support of or in opposition to summary judgment motions are not pleadings as contemplated by Rule 12(f)"); *Adams v. City of Cedar Rapids, Iowa*, No. 21-CV-53-MAR, 2022 WL 16572036, at *16 (N.D. Iowa Oct. 19, 2022) ("the documents in opposition to summary judgment which Defendants seek to strike are not pleadings as contemplated by the Federal Rules of Civil Procedure, and therefore, the Motion to Strike is improper under Rule 12(f)"). Thus, the Court finds Plaintiff cannot seek relief under Fed. R. Civ. P. 12(f) and denies his Motion to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joseph Tierney's Motion to Strike Exhibits A and B to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 91) is **DENIED**.

Dated this 15th day of March, 2023.

                                                                             _____
                                                                             **JOHN A. ROSS**
                                                                             **UNITED STATES DISTRICT JUDGE**